IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAMONT LORENZO HOLT,            )
                                )
        Plaintiff, pro se,      )
                                )    **MEMORANDUM OPINION**
    v.                          )    **AND RECOMMENDATION**
                                )
UNITED STATES OF AMERICA,       )         1:09CV122
                                )
        Defendant.              )

This matter comes before the court on Defendant's motion to dismiss or, in the alternative, for summary judgment (docket no. 10). Plaintiff failed to respond to Defendant's motion, and the time to do so has passed. The motion is therefore ripe for disposition. The parties have not consented to the jurisdiction of a magistrate judge; therefore, the court must deal with Defendant's motion by way of recommendation. For the following reasons, it is recommended that the court grant Defendant's motion for summary judgment.

**PROCEDURAL POSTURE**

On January 13, 2009, Plaintiff filed a pro se "motion for return of property," alleging that on October 6, 2003, he was arrested during an undercover drug buy, and that law enforcement officers seized $69,000 in U.S. currency, 227 dosage units of suspected MDMA (the drug known as "ecstacy"), a handgun, and $1,446 in U.S. currency taken from Plaintiff's pocket. (1:09CV31, docket no. 2.) In the motion, Plaintiff admits that all items seized were of an illegal nature and subject to

forfeiture, except the $1,446 in U.S. currency that Plaintiff had in his pocket. (*Id.*) On January 15, 2009, this court entered an opinion recommending that Plaintiff's action be dismissed *sua sponte* to allow Plaintiff to re-file his action using the proper forms. (1:09CV31, docket no. 3.) Subsequently, on February 17, 2009, Plaintiff re-filed his motion. (1:09CV122, docket no. 2.) Plaintiff's current motion, however, requests the return of both the $1,446 and the $69,000 in U.S. currency seized during his arrest. (1:09CV122, Compl. ¶ VI.) In response, on August 27, 2009, Defendant filed a motion to dismiss or, in the alternative, for summary judgment. (1:09CV122, docket no. 10). As noted, Plaintiff failed to respond to Defendant's motion.

**FACTUAL BACKGROUND**

In October 2003, the Alamance County Sheriff's Department began investigating Plaintiff and other individuals for suspected cocaine distribution. (1:09CV122, Schauble Decl. ¶ 2.) On October 10, 2003, the sheriff's department arranged an uncover drug buy with Plaintiff and the other individuals under investigation. (*Id.* ¶ 4.) During the drug buy, Plaintiff was arrested, and officers discovered and seized $69,000 in U.S. currency, a handgun, and 227 dosage units of suspected MDMA. (*Id.* ¶ 7.) Officers also seized $1,446 in U.S. currency from Plaintiff's pocket. (*Id.*)

On November 4, 2003, Defendant filed a complaint of forfeiture against all U.S. currency seized during Plaintiff's arrest. (1:03CV1046, docket no. 1.) On

November 14, 2003, United States Magistrate Judge Sharp authorized arrest and seizure of the currency pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § § 981, 1956, and 1957 (1:03CV1046, docket no. 3.) Subsequently, on December 16, 2003, Plaintiff received personal notice of the forfeiture. (1:03CV1046, docket no. 6.) Plaintiff, however, failed to file a statement of interest in the currency, and on March 4, 2004, an entry of default was filed against the defendant property. (1:03CV1046, docket no. 11.) Subsequently, on March 19, 2004, Judge Bullock signed a decree of judgment and forfeiture of the currency. (1:03CV1046, docket no. 14.) In this motion, Plaintiff alleges that all of the currency seized during his arrest should be returned because it has not been forfeited. (1:09CV122, Compl. ¶ V.)

**DISCUSSION**

In its moving papers, Defendant has presented materials outside the pleadings. A motion to dismiss should be construed as one for summary judgment if matters outside the pleadings "are presented to and not excluded by the court." FED. R. CIV. P. 12(d). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in

his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The court notes that Plaintiff failed to file a response to Defendant's motion.[1] Under Local Rule 7.3(k), a motion that is uncontested may be granted without further notice. Nevertheless, and because the court is entering a ruling on summary judgment, the court will consider the merits of the motion. As a result of Plaintiff's failure to respond to Defendant's motion, Defendant's facts are uncontested, and the court will limit its inquiry to whether Defendant is entitled to summary judgment as a matter of law. *See Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

Plaintiff alleges that the seized currency should be returned because it has not been legally forfeited. (Compl. ¶ VII.) The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") governs civil forfeiture proceedings. Pursuant to CAFRA, in any case in which the government files a complaint for forfeiture of property in the appropriate district court, any person asserting an interest in that property must file a verified complaint in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims.[2] 18 U.S.C. § 983(a)(4)(A). The claimant must file such complaint within 30 days of receipt of the government's complaint or within 30

---

[1] On August 28, 2009, the clerk of court mailed the standard *Roseboro* letter to Plaintiff, notifying him that he had the right to respond to Defendant's motion within twenty days of being served with the motion. Plaintiff did not file a response.

[2] I note that the United States has argued incorrectly in its brief that the forfeiture in this case was an administrative forfeiture rather than a judicial forfeiture.

days of the date of the final publication of the notice of the filing of the complaint. *Id.* Despite receiving personal service of Defendant's complaint of forfeiture, Plaintiff failed to file a verified complaint with the district court. Plaintiff now seeks, almost five years later, to challenge the district court's forfeiture order.[3]

The decree of judgment and forfeiture, signed on March 19, 2004, by Judge Bullock was a final judgment against all claimants to the currency. As such, any attempt to challenge the forfeiture is governed by FED. R. CIV. P. 60(b). *See United States v. $39,000 U.S. Currency*, No. 3:02cv281, 2006 WL 1431830, at *2 (W.D.N.C. May 24, 2006). To obtain relief from a judgment under Rule 60(b), a moving party must establish that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside. *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). "If the moving party makes such a showing, he must then satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Id.*

There is no question that Plaintiff's motion for relief is untimely. The decree of judgment and forfeiture was signed on March 19, 2004, and Plaintiff filed this motion on February 17, 2009, almost five years later. Moreover, Plaintiff fails to

---

[3] Plaintiff's motion fails to cite any specific avenue for relief. (1:09CV122, Compl.) As the district court has rendered a final judgment in the matter (1:03CV1046, docket no. 14.), Plaintiff's only option is to seek relief from the judgment pursuant to FED. R. CIV. P. 60(b). Thus, the court will infer that Plaintiff seeks such relief in this motion.

advance any defense in support of his motion.  Furthermore, it would be prejudicial to require Defendant to revisit an issue that was resolved almost five years ago.

Accordingly, it is **RECOMMENDED** that the court **DENY** Plaintiff's motion for return of property and **GRANT** Defendant's motion for summary judgment (docket no. 10).

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
March 29, 2010